## Luber v. Metropolitan Life Insurance Company

*S. Frank Laveson* and *Robert M. Bernstein,* for plaintiff.

*Owen B. Rhoads,* for defendant.

ALESSANDRONI, J., January 8, 1943.—This, action was brought to recover the sum of $10,000 under an "Accidental Death Benefit" rider, being a part of a policy of life insurance issued by the defendant on the life of the deceased husband of the wife-plaintiff. The issue herein presented arises out of the eighth paragraph of the statement of claim and the corresponding paragraph of the affidavit of defense, the sufficiency of the latter being presently challenged.

(STATEMENT OF CLAIM)

"8. The death of Philip Luber was the result, directly and independently of all other causes, of bodily injuries sustained by him through external, violent and accidental means to wit: injuries to the head and neck on March 3, 1942, resulting in subarachnoid hemorrhage and ruptured aneurism."

(AFFIDAVIT OF DEFENSE)

"8. Denied. Defendant specifically denies that the death of Philip Luber was the result, directly and independently of all other causes, of bodily injuries sustained through external, violent and accidental means, as is required by the terms and conditions of the accidental death benefit rider attached to the contract of insurance on which suit has been brought, and Defendant specifically denies that Philip Luber suffered or sustained any injuries to the head or neck on March 3, 1942, as has been alleged by Plaintiff in the corresponding paragraph of the Statement of Claim and denies that Philip Luber suffered or sustained any injuries which may have resulted in or caused subarachnoid hemorrhage and ruptured aneurism. Defendant avers that the accidental death benefit rider attached to the contract of insurance on which suit has been brought

provides, inter alia, that no accidental death benefits shall be payable if death is caused by or contributed to, directly or indirectly, or wholly or partly, by disease, or by bodily or mental infirmity. Defendant further avers that Philip Luber's death on April 4th, 1942, was caused by or contributed to, directly or indirectly, or wholly or partly, by disease or by bodily infirmity, and that said death was not the result, directly and independently of all other causes, of bodily injuries sustained through external, violent and accidental means, as is required by the terms and conditions of the contract of insurance on which suit has been instituted. Wherefore, Defendant avers, that no sums of money whatsoever are now due and owing to Plaintiff by Defendant under the terms and conditions of the contract of insurance on which suit has been brought."

The sufficiency of the affidavit of defense must be construed in the light of the mandatory provisions of the Practice Act of May 14, 1915, P. L. 483, 12 PS §382, as amended.

Section 5 provides:

"Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or defense, as the case may be, but not the evidence by which they are to be proved . . ."

Section 8 provides:

"It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim . . . but . . . shall answer specifically each allegation of fact of which he does not admit the truth . . ."

Thus, examining paragraph 8 of the affidavit of defense, certain deficiencies become at once apparent. The first portion thereof is a blanket denial, which, although prefaced by the words "Defendant specifically denies . . .", amounts to no more than a general denial within the prohibition of section 8 of the Practice

Act and, standing alone, would clearly be insufficient. To traverse the allegation, therefore, defendant avers the death to have been "caused by or contributed to, directly or indirectly or wholly or partly, by disease or by bodily infirmity." To put the question, "Is this a 'statement in a concise and summary form of the material facts' of the defense," as required by the Practice Act, is to answer it. The averment is vague, ambiguous, and not a statement of "facts". Rather does it state a conclusion or a series of alternative conclusions, presented in the exact language of the provisions of limitation as set forth in the policy of insurance.

It is not expected of the defendant, and is in fact forbidden by the Practice Act, that the evidence by which the averment of fact is to be substantiated be pleaded. But a distinction must be drawn between evidential and ultimate facts, only the latter being permissible. One looks in vain for such a statement in the affidavit of defense. The traversing averments are vague and indefinite and fall short of the rule applicable to such cases, namely, that the affidavit of defense be as specific and particular as the statement of claim. See 4 Standard Pa. Practice 143, §149, and cases therein cited.

Counsel for the defendant, in his brief, tacitly concedes that the affidavit of defense does not comply with the requirements of the Practice Act, above referred to, when he states that plaintiff alone controls the sources of information from which the cause of death may be obtained. Does this mean that defendant has no certain knowledge of the facts and hence cannot enter a proper plea? If this be so, then the pleading is dilatory only and hence clearly objectionable. If defendant does not possess the requisite knowledge to traverse the averment with a statement of fact, then the provisions of the Practice Act may be resorted to. That result, however, cannot be obtained by indirection as here attempted.

*Order*

And now, to wit, January 8, 1943, the rule for judgment for want of a sufficient affidavit of defense is made absolute, with leave to defendant to file an amended affidavit of defense within 15 days hereof.